**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHELE COMER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FIDELITY BROKERAGE SERVICES, LLC, BRIGHTHOUSE LIFE INSURANCE COMPANY, MELVIN K. WEBER, DONNA PERLMUTTER.,** | ) | **Civil Action No.: 2:26-cv-07274** |
| **Defendants.** | | |

**COMPLAINT**

Plaintiff, Michele Comer ("Ms. Comer" or "Plaintiff"), by and though its undersigned counsel, as her complaint against Fidelity Brokerage Services, LLC ("Fidelity") and Brighthouse Life Insurance Company ("Brighthouse") (collectively "Defendants"), allege as follows:

## INTRODUCTION

1. This is an action seeking to void a beneficiary designation change on a brokerage account and through an annuity based on a power of attorney exceeding his authority under the governing document and 20 Pa.C.S. § 5601.4(a)(3).

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Michele Comer is an individual domiciled in the State of New Jersey with an address of 27 Dublin Road, Pennington, NJ 08534.

3. Defendant Fidelity Brokerage Services, LLC ("Fidelity") is a Delaware limited liability company with an address of 100 Crosby Pkwy, KCID, Covington, KY 41015-0031. The

registered agent is CT Corporation with a Pennsylvania address of 820 CT Corporation System600 N. 2nd Street, Suite 401, Harrisburg, PA 17101.

4. Defendant Brighthouse Life Insurance Company ("Brighthouse") is an insurance company chartered in Delaware with a principal place of business at 11225 North Community House Road, Charlotte, NC 28277.

5. Defendant Melvin K. Weber is an individual domiciled in the Commonwealth of Pennsylvania with an address of 25120 Shannondell Drive, Audubon, PA 19403.

6. Defendant Donna Perlmutter is an individual domiciled in the State of Maryland with an address of 11113 Cripplegate Road, Potomac, MD 20854.

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity exists between the parties and Plaintiff seeks more damages than the jurisdictional threshold amount of $75,000. Plaintiff is domiciled in New Jersey and no other party is so domiciled.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District and Mr. Weber resides in Pennsylvania.

9. This Court has personal jurisdiction over Mr. Weber because he resides in Pennsylvania, over Ms. Perlmutter under Pennsylvania's long-arm statute 42 Pa.C.S. § 5322, and over Brighthouse and Fidelity under the long-arm statute and because they are registered to do business in Pennsylvania.

## FACTUAL ALLEGATIONS

10. Plaintiff and Ms. Perlmutter are the two surviving children of Sylvia Mandel ("Decedent").

11. Decedent passed away with a will on April 3, 2026. An estate was opened in Montgomery County, Pennsylvania.

12. Decedent held two assets marketed through Fidelity Investments at the time of her death, which are non-probate assets. This Complaint only pertains to these two non-probate assets and not to the probate assets.

13. The first asset is a brokerage account held by Fidelity with a File Number of W054131-30APR26.

14. The other asset was an annuity with death benefits underwritten by Brighthouse with account or file numbers of 831339080 and 831021098.

15. On or about February 7, 2014, Decedent executed a Power of Attorney (the "Power of Attorney") naming Mr. Weber as her agent. A true and correct copy of this Power of Attorney is attached hereto as Exhibit A.

16. Before October 2025, based on information and belief, Plaintiff was either the 90% or the sole beneficiary of the brokerage and annuity account at Fidelity.

17. In October 2025, Mr. Weber logged into Decedent's Fidelity account from her home computer.

18. Based on instructions from Decedent, Mr. Weber changed the beneficiary designation to 10% to Plaintiff and 90% to Ms. Perlmutter on both accounts.

19. The Power of Attorney did not specifically allow such beneficiary designation changes. It only allowed such changes for insurance contracts or retirement accounts if there was written authorization from the principal, and provided no other permission to make beneficiary changes. (It also stated that in the case of inability to give informed consent the beneficiaries must give written consent).

20. Neither the principal nor the beneficiaries gave such written consent.

## CAUSES OF ACTION

### COUNT I – BREACH OF FIDUCIARY DUTY

21. Plaintiff alleges and incorporates by reference, as though fully set forth herein, all of the preceding paragraphs.

22. Mr. Weber exceeded the scope of the Power of Attorney and 20 Pa.C.S. § 5601.4(a)(3) by making changes to the beneficiary designations.

23. Mr. Weber also failed to attempt to preserve Decedent's estate plan under 20 Pa.C.S. § 5601.3.

24. These October 2025 beneficiary designations are void.

**WHEREFORE**, Plaintiff demands judgment declaring the October 2025 beneficiary designations void and adopting the previous designations, directing Fidelity and Brighthouse to make distributions according to the previous designations, reasonable attorney's fees, costs, interest, and such additional relief as the Court deems just and equitable.

### COUNT II – DECLARATORY JUDGMENT

25. Plaintiff alleges and incorporates by reference, as though fully set forth herein, all of the preceding paragraphs.

26. Plaintiff seeks a declaratory judgment declaring that the October 2025 beneficiary designations are void and that the proper beneficiary is Plaintiff.

27. There is a real legal controversy with regard to the appropriate beneficiary between Ms. Perlmutter and Plaintiff.

**WHEREFORE**, Plaintiff demands judgment declaring the October 2025 beneficiary designations void and adopting the previous designations, directing Fidelity and Brighthouse to make distributions according to the previous designations, reasonable attorney's fees, costs, interest, and such additional relief as the Court deems just and equitable.

**EASTBURN AND GRAY, PC**

Date: September 21, 2026

By: /s/ Michael T. Pidgeon

Michael T. Pidgeon
Eastburn and Gray, P.C.
60 East Court Street
PO Box 1389
Doylestown, Pennsylvania 18901
*t (215) 345-7000*
mpidgeon@eastburngray.com

*Counsel for Plaintiff*